ST. PAUL, J.
 

 These appellants were charged in one indictment but in two separate counts with having robbed two different persons.
 

 ■ The indictment does not charge that the two robberies occurred at one time or as a single continuous occurrence, though it does charge that the two robberies occurred on the same day.
 

 The accused moved to quash the indictment on the ground of duplicity; and the motion to quash came in time, as it was made before the jury had been sworn. See Code of Criminal Procedure, article 221.
 

 We think the motion should have been sustained.
 

 Articles 217 and 218 of the Code of Criminal Procedure forbid the charging of more than one crime in the same indictment unless they result from a single act or from one continuous unlawful transaction.
 

 Hence an indictment which charges two distinct crimes, even in separate counts, is on its very face bad for duplicity unless it somewhere appears from the indictment itself that the two crimes resulted from a single act or from one continuous unlawful transaction; which this indictment does not set forth, as it sets forth only that the two robberies occurred on the same day, but does not set forth that they occurred at the same hour or even at the same place.
 

 We think the indictment should have been amended or quashed.
 

 This view of the ease dispenses with the necessity of passing on the other bills in the record.
 

 Decree.
 

 The sentence and verdict herein are therefore set aside, the indictment herein is quashed, and the discharge of the accused ordered.